UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-20104-CR-BECERRA

UNITED STATES OF AMERICA

vs.

ARCANGEL PRETEL ORTIZ,
ANTONIO INTRIAGO,
WALTER VEINTEMILLA,
CHRISTIAN SANON, and
JAMES SOLAGES,

              **Defendants.**
_____/

## UNITED STATES'S MOTION *IN LIMINE* TO PRECLUDE DEFENDANTS' PUBLIC AUTHORITY AND ENTRAPMENT-BY-ESTOPPEL DEFENSES

The Court should preclude the defendants from asserting the defenses of public authority and entrapment-by-estoppel. None of the defendants has proffered a sufficient evidentiary foundation to support one or more of these defenses as a matter of law, pursuant to Federal Rule of Criminal Procedure 12.3 ("Rule 12.3"). No defendant has alleged that he *reasonably relied* on a *direct communication* from a specific *United States* official with actual (or apparent) authority who *expressly authorized* him to carry out the crimes charged in the indictment, or *expressly assured* him that his acts were not criminal, in order to satisfy Rule 12.3's notice requirements, much less made the showing required to proceed with these defenses at trial. Instead, based on prior representations, the defendants appear to claim, at most, that they were engaged in lawful actions in Haiti, and that those lawful actions (such as providing personal security services) were known or endorsed by U.S. government agents. Thus, the United States respectfully requests that the Court preclude the affirmative defenses of public authority and entrapment-by-estoppel at trial.

**PROCEDURAL POSTURE**

On July 7, 2021, Haitian President Jovenel Moise was assassinated at his home in Haiti. The resulting U.S. criminal investigation culminated in the arrest of defendants Arcangel Pretel Ortiz, Antonio Intriago, Walter Veintemilla, Christian Sanon, and James Solages, among others. The Fifth Superseding Indictment in this case alleges that Ortiz, Intriago, Veintemilla, Sanon, and Solages conspired to (Count One) and did (Count 2) provide material support to a conspiracy to kidnap and kill President Moise; conspired to kidnap and kill President Moise (Count 3); and conspired to (Count 4) and did (Count 5) engage in a military expedition against Haiti. Intriago and Sanon are further charged with conspiring to (Count 6) and engaging in (Counts 8 and 9) export violations. Finally, Intriago is charged with a knowing and willful violation of the Export Control and Reform Act (Count 7). ECF. No. 552.

On September 25, 2024, the United States filed a motion *in limine* to preclude any defendant from asserting the defenses of public authority and entrapment-by-estoppel and a response to each defendant's notice under Rule 12.3. ECF No. 840. At the October 15, 2024 Status Conference, the Court struck the public authority notices previously filed by all defendants and directed any defendant intending to assert a public authority defense to file a proper notice by October 22, 2024. ECF No. 891. In response, the United States received notices from two defendants: Intriago, who filed a notice on October 22, 2024 (ECF No. 876), and Solages, who filed an initial notice on October 22, 2024 (ECF No. 877) and a supplemental notice on October 25, 2024 (ECF No. 887). On October 30, 2024, the United States responded to Intriago's and Solages' notices, by setting forth the reasons that those new notices were insufficient to invoke the defenses of public authority or entrapment-by-estoppel. ECF No. 898. The United States has not

received any renewed notices from defendants Ortiz, Sanon, or Veintemilla after the court struck all previously-filed public authority notices on October 15, 2024.[1]

## LEGAL BACKGROUND

As noted in the previous United States' responses to the defendants' notices of public authority defenses, the Eleventh Circuit recognizes three related defenses premised on public authority: (1) the affirmative defense of public authority; (2) the affirmative defense of entrapment-by-estoppel; and (3) the "innocent intent" defense, which is not an affirmative defense but an effort to negate the defendant's state of mind by arguing that he genuinely and reasonably believed he was acting in cooperation with the government based upon communications that he received from government authorities.  ECF No. 840, pp. 4-7; ECF No. 898, pp. 2-4.  Only the first two defenses trigger the notice requirements of Rule 12.3.  Rule 12.3 requires the defendant to identify (1) the law enforcement agency or federal intelligence agency involved; (2) the agency member on whose behalf the defendant claims to have acted, and (3) the time during which the defendant claims to have acted with public authority.  Rule 12.3(a)(2).  Inherent in these defenses is the acknowledgement that the defendant committed the crime charged, but is legally excused based upon the express communication by a federal official with actual authority (or apparent authority, in the case of entrapment-by-estoppel) to permit the actions that constituted the crime, upon which

---

[1] For purposes of Local Rule 88.9, the Government, on December 12, 2025, attempted to confer via email with counsel for each of the Defendants in order to solicit the defense's position with respect to this motion.  Because the Defendants have not responded, the Government assumes that they oppose the relief requested.

the defendant reasonably relied in committing the crime. *United States v. Alvarado*, 808 F.3d 474, 484-88 (11th Cir. 2015); *United States v. Eaton*, 179 F.3d 1328, 1332 (11th Cir. 1999).

To allow for orderly pre-trial litigation of public authority related defenses, the Rule 12.3 notices should specify what criminal activity the alleged agency member purportedly excused and how that information was conveyed. *See United States v. Douglas*, No. 3222-CR-00036, 2024 WL 210139, at *2 (S.D. Miss. Jan. 19, 2024) (after defendants provided additional information regarding the specific statements upon which the defendants relied, district court held that "defendants do not claim to have been engaged by a government official to assist or participate in covert criminal activity; therefore the public authority defense is inapplicable"); *see also United States v. Shipley*, No. CR-16-01061, 2017 WL 11462823, at *2 (D. Ariz. Aug. 1, 2017) (granting pre-trial motion *in limine* to preclude public authority defense because "[d]efendant does not allege that he possessed firearms and/or ammunition 'at the request of a government agent' or that he believed he 'was acting as an authorized government agent to assist in a law enforcement activity at the time of the offense[s] charged in the indictment.'") (citing Ninth Circuit Model Criminal Jury Instruction 6.11).

Where a defendant asserts an affirmative defense, "[m]otions *in limine* are well-established devices that streamline trials and settle evidentiary disputes in advance, so that trials are not interrupted mid-course for the consideration of lengthy and complex evidentiary issues." *United States v. Tokash*, 282 F.3d 962, 968 (7th Cir. 2002). When the factual basis for an affirmative defense is challenged before trial, the defendant must make an adequate pre-trial proffer of proof, *id.* at 969, and if the evidence is insufficient as a matter of law to support a defense, the court should exclude the defense, *see United States v. Bailey*, 444 U.S. 394, 415-16 (1980). Applying these standards, the Eleventh Circuit and other courts have repeatedly upheld the pre-trial

4

exclusion of the public authority and entrapment-by-estoppel defenses. *See, e.g.*, *United States v. Reyes-Vasquez*, 905 F.2d 1497, 1501 (11th Cir. 1990); *United States v. Anderson*, 872 F.2d 1508, 1515-16 (11th Cir. 1989); *United States v. Baker*, 438 F.3d 749, 753 (7th Cir. 2006); *United States v. Pardue*, 385 F.3d 101, 108-09 (1st Cir. 2004).

## ARGUMENT

Each defendant has failed to meet his obligation under Rule 12.3. After the Court struck the defendants' previous public authority notices and directed the defendants to file proper notices by October 22, 2024, only two defendants, Intriago and Solages, filed notices of public authority (Intriago at ECF No. 876; Solages at ECF Nos. 877 and 887). Thus, defendants Ortiz, Veintemilla, and Sanon have conceded that they cannot meet the elements of a public authority or entrapment-by-estoppel defense.

As for Intriago and Solages, the United States responded that their new notices were deficient and failed to address the required elements of a public authority or entrapment-by-estoppel defenses: (1) a direct communication authorizing the specific criminal conduct from a law enforcement agent; and (2) reasonable reliance on that communication. ECF No. 898. Because Intriago and Solages have not provided legally adequate notices stating a legally cognizable defense, the Court should grant this motion *in limine* and preclude a public authority or entrapment-by-estoppel defense from being made at trial.

The Court has discretion to strike the notices as insufficient and to grant the pre-trial exclusion of the public authority and entrapment-by-estoppel defenses. The Court should exercise this discretion given the complexity of the trial in this case, which involves multiple defendants and unclear claims of antagonistic defenses. The issues raised by these claims should be addressed by the Court with the benefit of full information and well in advance of trial. The Court has given

5

the defendants multiple opportunities to proffer a legitimate public authority related defense, and yet the defendants critically have not identified which criminal activity that an alleged government official directly communicated to the defendants would be permitted: permission to kill a president of a sovereign nation, or to kidnap President Moise to remove him from power (Counts 1-3); a *coup d'etat* aimed at forcibly removing President Moise from power (Counts 4-5); or a communication to Intriago about the necessity and legality of shipping ballistic vests from the United States to Haiti (Counts 6-9). Ambiguous assertions that the government authorized unspecified crimes are insufficient to mount a public authority related defense. Without more, the government cannot meaningfully respond to the notices, and this Court cannot move to the requisite next step: exercising its gatekeeping authority by requiring a sufficient offer of proof to determine whether the defendants will be permitted to present these defenses to the jury. Accordingly, the notices are deficient and, on the current record, are insufficient to warrant the affirmative defenses of public authority or entrapment-by-estoppel.

Based on representations in prior pleadings or hearings, neither Intriago nor Solages appear to be mounting an actual public authority or apparent public authority defense. Such a defense, put simply, admits that the defendant committed the unlawful act but excuses the defendant because a U.S. government agent, empowered to permit such violations, put him up to it. *See Alvarado*, 808 F.3d at 484. The paradigm example is a person who buys drugs at the behest of a government agent as part of a sting operation; although the person commits all the elements of a 21 U.S.C. § 841 crime, the fact that their drug possession occurs during an authorized sting prevents the government from prosecuting that person for acts that the same government ordered him to perform.

These defendants do not appear to be asserting this kind of defense. Instead, at least based on prior representations, they appear to be making a very different claim: that they believed themselves to be engaged in entirely *lawful* actions—such as working as security contractors for Sanon; that they never agreed to kill or kidnap President Moise or to commit any of the other charged offenses; and that government agents were aware of or endorsed their *lawful* actions in Haiti. As to that claim, however, the awareness or agreement of government agents is entirely irrelevant. If Intriago's and Solages's actions were legal and part of legitimate business activities, then they would be innocent, regardless of whether or not any government agent knew about what they were doing. And allowing the defendants to mischaracterize this claim (which, in any event, the Government will prove false at trial) as a "public authority" or "entrapment-by-estoppel" defense or to seek a jury instruction on the elements of those affirmative defenses would serve only to confuse the issues or mislead the jury.

## **CONCLUSION**

For the reasons set forth above, the United States respectfully requests that the Court grant the motion *in limine* precluding the defendants from proceeding with a public authority or entrapment-by-estoppel defense.

Should the Court instead permit the defendants to provide new Rule 12.3 notices, the United States further requests that the Court set a relatively short schedule by which the defendants must attempt to do so, followed by a deadline by which the defendants must make an adequate pre-trial offer of proof, so that the United States may respond to the sufficiency of that evidence. This will also permit the Court adequate time to schedule an evidentiary hearing, if need be, to allow this issue to be appropriately narrowed in time for trial. Absent such a showing, the Court should preclude the defendants from raising these defenses.

Respectfully submitted,

| | |
|---|---|
| JASON REDING QUIÑONES<br>United States Attorney | JOHN A. EISENBERG<br>Assistant Attorney General for National Security |
| By: */s Sean T. McLaughlin*<br>Sean T. McLaughlin<br>Assistant United States Attorney<br>Court ID No. A5501121<br>11200 NW 20th Street, Suite 101<br>Miami, FL 33172<br>(305) 715-7642/7654<br>Sean.McLaughlin@usdoj.gov | */s Emma Ellenrieder*<br>Emma Ellenrieder<br>Trial Attorney<br>Court ID No. A5502918<br>National Security Division – Department of Justice<br>950 Pennsylvania Avenue<br>Washington, DC 20530<br>(202) 514-0203<br>Emma.Ellenrieder@usdoj.gov |
| /s *Jason Wu*<br>Jason Wu<br>Assistant United States Attorney<br>Court ID No. A5502299<br>99 NE 4th Street<br>Miami, FL 33132<br>(305) 961-9226<br>Jason.Wu@usdoj.gov | */s Andrew Briggs*<br>Andrew Briggs<br>Court ID No. A5503251<br>National Security Division – Department of Justice<br>950 Pennsylvania Avenue<br>Washington, DC 20530<br>(202) 514-7739<br>Andrew.Briggs2@usdoj.gov |
| */s Altanese Phenelus*<br>Altanese Phenelus<br>Assistant United States Attorney<br>FL Bar No. 112693<br>99 N.E. 4th Street<br>Miami, FL 33132<br>(305) 961-9375<br>Altanese.Phenelus@usdoj.gov | |

## CERTIFICATE OF SERVICE

      I hereby certify that on December 16, 2025, I filed the foregoing document with the Clerk of the Court and thereafter served all counsel of record.

/s <i>Emma Ellenrieder</i>
Emma Ellenrieder
Trial Attorney
National Security Division
